**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 11-126-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Jonathan Earvin Fernandez, Dejan Hercegavac, Joshua David Moore, Danny Cruz Morones, Sean Christopher Steward, Kenneth James Thompson. | |
| Defendants. | |

Pending before the Court is six Defendants' motion to compel. Specifically, Defendants seeks to compel 7,600 pages of documents sent by the Department of Justice to Congress relating to the "Fast and Furious" operation. The Government has given Defendants a 471 page Office of Inspector General Report which summarizes thousands of pages of documents, but has refused Defendants' request to disclose the documents which are the subject of the motion to compel.[1]

The Government makes two primary arguments why, at this stage of this case,

---

[1] Defendants may also be seeking another 1,500 pages of documents that the Department of Justice has declined to give to Congress, but the motion to compel is not clear on this point. Nonetheless, for purposes of this Order, the Court has presumed Defendants are also seeking these documents and the Government has also declined this request.

1 Defendants are not entitled to these documents. First, the Government notes that all six
2 Defendants have pled guilty and that the terms of their plea agreements specifically state that
3 they are not entitled to these types of documents. Doc. 731 at 2. Second, the Government
4 argues that its *Brady* obligations require disclosure of information that would be exculpatory
5 to Defendants. The Government goes on to argues that all of these documents inculpate
6 Defendants and are therefore not discoverable.

7 The Court agrees with the Government that for the reasons cited above, the
8 Government has no affirmative duty to disclose the documents to Defendants. However,
9 Defendants also argue that notwithstanding the plea agreements, they are entitled to the
10 documents for purposes of sentencing and determination of punishment. Specifically,
11 Defendants argue that the documents may bear on the following sentencing considerations:

12     1. Whether there exists mitigating circumstances of a kind, or to a degree, not adequately taken into consideration under the guidelines;
13     2. Whether Defendant's offense constituted aberrant behavior; and
14     3. Whether the conduct in this case falls outside of the heartland of the guidelines; and
15     4. Whether the application of one or more sentencing enhancements is necessary or just in light of the government's conduct in this case.

16 Doc. 738 at 2.

17 Defendants only substantive argument about how these documents could bear on
18 punishment is to say that they provide background information about the "Fast and Furious"
19 operation and that said background could bear on these factors. The Government counters
20 that Defendants failed to provide any specifics about how these documents could possibly
21 bear on these factors. Further, because Defendants have the 471 page report, they have
22 sufficient information to know if any further details could be material as to punishment. The
23 Government concludes that because Defendants failed to make any such showing, the Court
24 should deny the motion to compel.

25 The Court notes that the Government has represented that none of the documents
26 would be favorable to the Defendants in the Court's application of the sentencing factors.
27 Defendants offer no specifics which counter this assertion. Therefore, Defendants have
28 failed to show that the Court should compel production. As always, the Government

1 continues to be required to meet its disclosure obligations as the Government acknowledges.
2 *See* Doc. 731 at 7.
3     Based on the foregoing,
4     **IT IS ORDERED** that the motion to compel (Doc. 680) is denied.
5     DATED this 9th day of October, 2012.

                                            James A. Teilborg
                                            United States District Judge